UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VERNA M. DEAN                                                                               CIVIL ACTION

VERSUS

REVERSE MORTGAGE SOLUTIONS, INC.                       No.: 15-00572-BAJ-RLB

RULING AND ORDER

On August 26, 2015, *Pro Se* Plaintiff Verna M. Dean ("Plaintiff") filed with the Court a Complaint asserting what the Court interprets to be a breach of contract claim. (Doc. 1 at ¶ 4). On September 11, 2015, Defendant Reverse Mortgage Solutions, Inc. ("Defendant") filed an unopposed **Motion to Dismiss with Prejudice (Doc. 2)** seeking to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), 12(b)(5), and 12(b)(6).

A complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to hear the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Strain v. Harreison Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to

1

the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996).

Plaintiff obliquely asserts that subject matter jurisdiction is proper because her claims are based upon: "Constitution Article 1 Section 10; Public Policy House Joint Resolution 192 (1933); Public Law73-10; Public Law Chapter 48 48 Stat 112; Title 31 USC 3123; 31 USC 5103; Title 18 USC Section 8; 12 USC 1813 [*sic*]." (Doc. 1 at ¶ 1). A review of the provisions cited by Plaintiff reveals that they cannot serve as the basis of her breach of contract claim under 28 U.S.C. § 1331. And while Plaintiff appears to assert that she is a resident of California and that Defendant is a resident of Texas, (Doc. 1 at ¶¶ 2—3), she has not asserted that her claim exceeds or is likely to exceed the amount in controversy threshold set forth in 28 U.S.C. § 1332, (*see* Doc. 1). Given these deficiencies, Plaintiff has failed to meet her burden of establishing that jurisdiction is proper. *See* Rule 8(a); *see also Strain,* 742 F.2d at 889, *supra.*

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss with Prejudice (Doc. 2)** is **GRANTED** in part and **DENIED** in part. Defendant's Motion is **GRANTED** in part under Rule 12(b)(1).[1] The Motion is **DENIED AS MOOT** with respect to Rule 12(b)(5) and 12(b)(6).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 28th day of October, 2015

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] The Motion is granted in part with respect to Rule 12(b)(1) because Defendant sought a dismissal with prejudice.